# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8745 | **DATE** | APR 01 2003 |
| **CASE TITLE** | Anthony Willis (#N51386) v. Sims | | |

RE: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner Anthony Willis' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1-1] is denied and this case is dismissed with prejudice. This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | APR 0 3 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. ANTHONY WILLIS (#N51386), ) <br> ) <br> ) Case No. 01 C 8745 <br> Petitioner, ) <br> ) Hon. Blanche M. Manning <br> v. ) <br> ) <br> ) <br> LARRY SIMS,[1] Warden, ) <br> Logan Correctional Center, ) <br> ) <br> Respondent. ) | **DOCKETED** <br><br> APR 0 3 2003 |

## MEMORANDUM AND ORDER

Petitioner Anthony Willis, who is a prisoner in state custody, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, his request for relief under § 2254 is denied.

I.  BACKGROUND

Unless a petitioner provides clear and convincing evidence to the contrary, this court presumes that the state court's factual determinations are correct for the purposes of habeas review. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). Because Willis has not presented clear and convincing evidence rebutting this presumption, this court adopts the Illinois Appellate Court's recitation of the facts in *People v. Willis*, No. 98-1008

---

[1] Larry Sims is the current Warden at the Logan Correctional Center and is thus the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. This court, therefore, substitutes Sims as the respondent. *See* Fed. R. Civ. P. 25(d)(1).

(1st Dist. 2000) (unpublished order).

Willis represented himself pro se at his jury trial in the Circuit Court of Cook County. On January 7, 1998, a jury found Willis guilty of possession of a controlled substance with the intent to deliver. Willis was sentenced to 30 years' incarceration on February 18, 1998. Willis appealed his conviction and sentence to the Illinois Appellate Court, making the following arguments: (1) he was not found guilty of possession of a controlled substance with intent to deliver beyond a reasonable doubt; and (2) he was denied a fair trial because of a police officer's opinion testimony that was speculative and based on assumptions not supported by the evidence. On June 23, 2000, the Illinois Appellate Court affirmed Willis' conviction and sentence. Willis' petition for rehearing was denied on August 29, 2000. On September 22, 2000, Willis filed a petition for leave to appeal to the Illinois Supreme Court bringing the exact claims he brought in his direct appeal. The Illinois Supreme Court denied Willis' petition for leave to appeal on November 29, 2000.

On December 4, 2000, Willis filed his first petition for post-conviction relief under the Illinois Post Conviction Hearing Act. Willis' only claim in his post-conviction petition was that he was denied effective assistance of appellate counsel because counsel failed to argue that the charging instrument was legally insufficient. The Circuit Court of Cook County dismissed Willis' petition on January 26, 2001, concluding that Willis' claim of the insufficiency of the charging instrument was non-meritorious, and thus, counsel's failure to raise the claim on appeal did not prejudice Willis under *Strickland v. Washington*, 466 U.S. 668 (1984).

Willis appealed the denial of his first post-conviction petition to the Illinois Appellate Court and his appointed appellate counsel filed a motion to withdraw pursuant to *Pennsylvania v.*

*Finley*, 481 U.S. 551 (1987). On February 15, 2002, the Illinois Appellate Court affirmed the Circuit Court and concluded that Willis' petition had no arguable basis for collateral relief. Accordingly, the court granted appellate counsel's *Finley* motion.

Willis then filed a petition for leave to appeal to the Illinois Supreme Court by attaching his first post-conviction petition, counsel's *Finley* motion, his response to counsel's *Finley* motion, and the Illinois Appellate Court's February 12, 2002, order. Willis did not specifically articulate his ineffective assistance of appellate counsel claim, but did add four additional claims that are not relevant to this habeas petition. On May 13, 2002, the Illinois Supreme Court denied Willis' petition for leave to appeal his first post-conviction petition.

On June 27, 2001, Willis filed a second post-conviction petition in the Cook County Circuit Court contending that a section of the Illinois Controlled Substance Act was unconstitutional. The Circuit Court summarily dismissed this second post-conviction petition as untimely and frivolous. The Illinois Appellate Court affirmed the Circuit Court and concluded that there were no issues of arguable merit, and thus, granted defense counsel's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The Illinois Supreme Court denied Willis' petition for leave to appeal his second post-conviction petition on February 5, 2003.

On November 13, 2001, Willis filed the present federal habeas petition with this court. Construing Willis' pro se habeas petition liberally, he raises the following claims: (1) he was not found guilty beyond a reasonable doubt; (2) he was denied a fair trial based on a police officer's opinion testimony; (3) he was denied effective assistance of appellate counsel based on counsel's failure to argue that the State did not disclose the testifying officer's statements; (4) he was denied effective assistance of appellate counsel because counsel failed to argue that the judge

3

abused his discretion after learning about the discovery violation; and (5) he was denied effective assistance of appellate counsel because counsel failed to raise the issue of the prosecutor's overstatement of the amount of cocaine in question.

## II. JURISDICTION

Because Willis filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), the AEDPA applies to his petition. *See Lindh v. Murphy,* 521 U.S. 320, 327 (1997). This is Willis' first federal habeas petition and he filed it before the conclusion of his first post-conviction proceeding in the Illinois state courts. Willis' last state court post-conviction petition for leave to appeal the Illinois Supreme Court was denied on February 5, 2003. Therefore, this court has jurisdiction to consider Willis' federal habeas petition. *See* U.S.C. § 2244 (b), (d)(1), & (d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002).

## III. DISCUSSION

### A. EXHAUSTION AND PROCEDURAL DEFAULT

Before this court may reach the merits of Willis' federal habeas claims, the court must consider whether Willis has exhausted his state remedies and avoided procedural default under Illinois law. *See Mahaffey v. Schomig,* 294 F.3d 907, 914-15 (7th Cir. 2002).

#### 1. Exhaustion of State Court Remedies

In order to exhaust state court remedies, a petitioner must give the state courts an opportunity to act on each of his claims before he presents those claims to the federal court in a § 2254 petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). State remedies are exhausted when they are presented to the state's highest court for a ruling on the merits, *see*

*Boerckel,* 526 U.S. at 844-45, or when no means of pursuing review remain available. *Id.* at 847 (citing 28 U.S.C.§ 2254(c)). The respondent does not dispute that Willis has exhausted his state court remedies, and indeed, Willis' claims were exhausted as of the Illinois Supreme Court's denial of his petition for leave to appeal his second post-conviction petition on February 5, 2003.

### 2. Procedural Default

Procedural default occurs when a petitioner fails to comply with state procedural rules. *Mahaffey,* 294 F.3d at 915. This occurs when the petitioner fails to pursue all appeals required by state law, *see Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991), fails to fully and fairly present his federal claims to the state court, *see Boerckel,* 526 U.S. at 844, or when the state court did not address the petitioner's federal claim because the petitioner failed to meet independent and adequate state procedural requirements. *See Stewart v. Smith,* 122 S.Ct. 2578, 2581 (2002) (federal courts cannot review questions of federal law if state court decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment); *see also Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2002). If an Illinois appellate court concludes that a claim is waived, that holding constitutes an independent and adequate state ground. *See Rodriquez v. McAdory,* 318 F.3d 733, 735 (7th Cir. 2003).

Nevertheless, this court may still reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman,* 501 U.S. at 750. To establish a fundamental miscarriage of justice, the petitioner must present new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of

5

the new evidence. *See Schlup v. Delo,* 513 U.S. 298, 324, 327 (1995).

First, Willis has procedurally defaulted his three ineffective assistance of appellate counsel claims because he did not fully and fairly present them to the Illinois courts. *See Boerckel,* 526 U.S. at 844. Although Willis did bring a claim of ineffective assistance of appellate counsel in his first post-conviction petition, it was based on counsel's failure to argue that the charging instrument was insufficient – an argument he does not make in his habeas petition. In fact, Willis brings the present ineffective assistance of counsel claims for the first time in his federal habeas petition. Because Willis has made no argument as to cause, prejudice, or a miscarriage of justice, this court is barred from considering these claims on collateral review. *See Coleman,* 501 U.S. at 750.

Second, Willis' claim that he was denied a fair trial because a police officer gave speculative opinion testimony is procedurally defaulted because the Illinois Appellate Court concluded that this claim was waived because Willis failed to object at trial or raise the issue in a post-trial motion. Because waiver is an independent and adequate state ground, *see Rodriguez,* 318 F.3d at 735, this court cannot review this claim. *See Stewart,* 122 S.Ct. at 2581.

This court now turns to the merits of Willis' remaining habeas claim.

### B.    MERITS DISCUSSION

A federal court may grant a prisoner's habeas corpus petition if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000). A state court's decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a

conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405.

A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. A reasonable state court decision must be at least minimally consistent with the facts and circumstances of the case. *See Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002).

Willis' only surviving federal habeas claim is that he was not proven guilty beyond a reasonable doubt because the prosecution failed to prove his intent to deliver the cocaine. Specifically, Willis claims that the amount of the cocaine recovered from his possession was not an amount in excess of that reasonably viewed for personal consumption. Willis' argument is based on *Jackson v. Virginia,* 443 U.S. 307, 319 (1979), in which the United States Supreme Court held that reversing a criminal conviction for insufficient evidence is warranted only if, viewing the evidence in the light most favorable to the prosecution, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

In addressing this claim, the Illinois Appellate Court considered the amount of cocaine recovered along with the testimony of a police officer who stated that the cocaine recovered was an amount inconsistent with personal use. The appellate court also noted that Willis testified at

trial that he did not use cocaine or have cocaine in his car, yet on appeal he admitted that he had cocaine, but contended that the amount of cocaine he possessed was for his personal use. Also, the court relied on the evidence that the value of the cocaine could be reasonably viewed as exceeding the amount a person would spend for personal consumption. After considering this evidence, the Illinois Appellate Court concluded that a jury could reasonably find that the cocaine in question was an amount in excess of that usually retained for personal consumption. The court stated: "Viewing the evidence in the light most favorable to the State, we concluded that there was sufficient evidence to support an inference of intent to deliver beyond a reasonable doubt." *People v. Willis*, No. 98-1008, at 7 (1st Dist. 2000) (unpublished order).

This court concludes that the Illinois Appellate Court's decision was not contrary to or an unreasonable application of clearly established Supreme Court precedent under § 2254(d)(1). Although the Illinois Appellate Court did not cite to *Jackson v. Virginia,* it cited to an Illinois Supreme Court case that outlines the *Jackson* standard, *see People v. Young*, 128 Ill. 2d 1, 49 (1989), and then applied this Supreme Court precedent in concluding that there was sufficient evidence supporting Willis' intent to deliver. *See Early v. Packer*, 123 S.Ct. 362, 365 (2002) (state courts not required to cite Supreme Court cases as long as reasoning or result of the court's decision does not contradict Supreme Court precedent).

Finally, this court would be hard-pressed to conclude that the appellate court's decision is not minimally consistent with facts and circumstances of case, and thus, an unreasonable application of Supreme Court precedent. The Illinois Supreme Court considered the trial testimony of the police officer that the amount of cocaine seized was inconsistent with personal use and Willis' contradictory testimony regarding his possession of the cocaine. Also, the court

considered the value of the cocaine. These facts are consistent with the conclusion that the amount of cocaine was in excess of that reasonably viewed for personal consumption, and thus, established Willis' intent to deliver.

## IV. CONCLUSION

For the above reasons, Willis' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1-1] is denied and this case is dismissed with prejudice. This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATE: APR 0 1 2003

ENTER:

Blanche M. Manning
United States District Court Judge